WHITING v. FIDELITY MUT. LIFE ASS'N OF PHILADELPHIA, PA.

(Supreme Court, Appellate Division, First Department. April 4, 1912.)

INSURANCE (§ 192*)—ASSESSMENTS—ACCOUNTING.

    Where plaintiff, in an action against an insurance company for equitable relief by way of an accounting, only prayed that defendant be required to make an accounting, to the end that it may be determined whether defendant's assessments under the terms of the policy were reasonable, plaintiff was not entitled to an accounting as to all of the insurance company's affairs, but only for determining whether the assessments were justified, especially where defendant was enjoined from collecting the assessments.

    [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 417–426; Dec. Dig. § 192.*]

Appeal from Special Term, New York County.

Action by Robert M. Whiting against the Fidelity Mutual Life Association of Philadelphia, Pa. From a judgment for plaintiff, defendant appeals. Judgment vacated, and judgment directed as stated.

Argued before INGRAHAM, P. J., and CLARKE, McLAUGHLIN, SCOTT, and DOWLING, JJ.

Ellison & Ellison (William B. Ellison, of counsel), for appellant.
Alexander S. Bacon, for respondent.

CLARKE, J. This was an action brought by the holder of two policies in the defendant company for equitable relief. It was an individual action. Upon the trial at Special Term the complaint was dismissed. Upon appeal to this court the judgment was reversed and a new trial ordered. 137 App. Div. 758, 122 N. Y. Supp. 1014. Instead of taking the new trial, the defendant appealed to the Court of Appeals, and gave a stipulation for judgment absolute. The Court of Appeals affirmed the order of this court, and ordered judgment absolute against the defendant on the stipulation, on the opinion of Mr. Justice Scott below (203 N. Y. 566, 96 N. E. 1134), and sent down its remittitur to that effect. Whereupon an order was entered by the Special Term, making the judgment of the Court of Appeals the judgment of the Supreme Court, and a judgment was thereupon entered. Thereafter plaintiff moved for a resettlement of said judgment, which motion was granted, and from the resettled judgment so entered the defendant appeals.

It was the duty of the Special Term to follow the directions of the Court of Appeals, and to enter judgment absolute for the plaintiff. The controversy is over the form of the judgment to which the plaintiff was entitled, and the main question is whether under the complaint the plaintiff was entitled to an interlocutory judgment for an accounting "concerning all of its affairs." The plaintiff did in his prayer for relief demand an accounting, but that prayer was as follows:

    "To require the defendant to make an accounting, to the end that it may be determined whether or not the assessments of the defendant under the terms of paragraph tenth of said conditions indorsed on the back of said policies are reasonable, equitable, and just."

It seems to us clear that the accounting required was solely for the purpose of ascertaining whether the assessments, which it was alleged had been improperly laid, were justified. By the judgment as originally entered every relief demanded in the complaint was granted, and it was especially adjudged that the defendant be enjoined from levying and collecting any and all premiums and assessments beyond the annual sum of $109.55 on policy numbered 45,322, which the complaint alleged was the yearly premium that plaintiff was entitled to a continuance of during the whole period of life, and the annual sum of $21.91 on policy numbered 45,323, in regard to which he made the same allegation.

As the judgment specifically provided that the defendant was not entitled to increase the annual premium, and as it was enjoined from canceling the policies, and from declaring them null and void, unless the plaintiff should pay certain advanced premiums and assessments, or threatened advanced premiums or assessments, and was enjoined from levying and collecting any and all annual premiums and assessments beyond said sums, it is apparent that whether or not the said assessments were legally or properly laid is a matter of no importance. The defendant is enjoined from collecting them, or from taking any adverse action to plaintiff in that regard. The said accounting would therefore impose a very serious burden upon the defendant, in compelling it to account for all its affairs during a period of 30 years, without any possible benefit to the plaintiff; for he is by the judgment decreed to be entitled to all the benefits which he could possibly receive as the result of any such accounting.

We think, therefore, that the judgment appealed from should be vacated, and judgment should be entered in the form as originally signed, with the exception that the statement that it was made on the motion of the attorney for the plaintiff should be stricken out, as that form of judgment was not proposed by the attorney for the plaintiff, but by the attorneys for the defendant, with $10 costs and disbursements to the appellant. All concur.